LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

FREDDY PACHAY-RODRIGUEZ
and RAMON RODRIGUEZ,
*on behalf of themselves and FLSA Collective Plaintiffs*,

                Plaintiffs,

    v.

ROOSEVELT HOTEL REALTY LLC d/b/a BEST
WESTERN PLUS LAGUARDIA AIRPORT HOTEL,
RAJESH PATEL and PAUL PATEL,

                Defendants.

---

Case No.: 18-cv-2858

**COMPLAINT**

Jury Trial Demanded

---

Plaintiffs FREDDY PACHAY-RODRIGUEZ and RAMON RODRIGUEZ (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Complaint against Defendants, ROOSEVELT HOTEL REALTY LLC d/b/a BEST WESTERN PLUS LAGUARDIA AIRPORT HOTEL ("Corporate Defendant"), RAJESH PATEL and PAUL PATEL (collectively, "Individual Defendants," and together with Corporate Defendant, "Defendants") and state as follows:

**INTRODUCTION**

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum

wage due to time shaving, (2) unpaid overtime wage due to time shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2.     Plaintiffs further allege, pursuant to the New York Labor Law ("NYLL"), that they are entitled to recover from Defendants: (1) unpaid minimum wage due to time shaving, (2) unpaid overtime wage due to time shaving, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.     Plaintiff FREDDY PACHAY-RODRIGUEZ is a resident of Queens County, New York.

6.     Plaintiff RAMON RODRIGUEZ is a resident of Queens County, New York.

7.     Corporate Defendant ROOSEVELT HOTEL REALTY LLC d/b/a BEST WESTERN PLUS LAGUARDIA AIRPORT HOTEL is a domestic limitied liability company organized under the laws of the State of New York with an address for service of process located at 560 Saw Mill River Road, Ardsley, NY 10502 and a principal place of business located at 112-26 Roosevelt Avenue, Corona, NY 11368. Defendants operate "Best Western Plus LaGuardia Airport Hotel" located at 112-26 Roosevelt Avenue, Corona, NY 11368 through Corporate Defendant ROOSEVELT HOTEL REALTY LLC.

2

8.      Individual Defendant RAJESH PATEL is an owner and senior executive officer of Corporate Defendant. RAJESH PATEL exercised control over the employment terms and conditions of Plaintiffs and FLSA Collective Plaintiffs at Best Western Plus LaGuardia Airport Hotel. RAJESH PATEL had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs and FLSA Collective Plaintiffs. At all times, employees could complain to RAJESH PATEL regarding any of the terms of their employment, and RAJESH PATEL would have the authority to effect any changes to the quality and terms of employees' employment. RAJESH PATEL exercised functional control over the business and financial operations of Corporate Defendant.

9.      Individual Defendant PAUL PATEL is an owner and senior executive officer of Corporate Defendant. PAUL PATEL exercised control over the employment terms and conditions of Plaintiffs and FLSA Collective Plaintiffs at Best Western Plus LaGuardia Airport Hotel. PAUL PATEL had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs and FLSA Collective Plaintiffs. At all times, employees could complain to PAUL PATEL regarding any of the terms of their employment, and PAUL PATEL would have the authority to effect any changes to the quality and terms of employees' employment. PAUL PATEL exercised functional control over the business and financial operations of Corporate Defendant.

10.     At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiffs bring claims for relief as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all drivers employed by Defendants at "Best Western Plus Laguardia Airport Hotel" located at 112-26 Roosevelt Avenue, Corona, NY 11368 on or after the date that is three (3) years prior to the filing of the initial Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime wage. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiffs and FLSA Collective Plaintiffs claim that Defendants willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights by failing to pay wages for all hours worked due to time shaving.

14.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

### *Plaintiff FREDDY PACHAY-RODRIGUEZ*

15.    From in or about July 2015 until on or about September 28, 2017, Plaintiff FREDDY PACHAY-RODRIGUEZ was employed by Defendants to work as a driver for "Best Western Plus LaGuardia Airport Hotel" located at 112-26 Roosevelt Avenue, Corona, NY 11368.

16.    In addition to Best Western Plus LaGuardia Airport Hotel, Plaintiff FREDDY PACHAY-RODRIGUEZ also sent to work as a driver for Defendants' "Corona Hotel" located at 112-23 Roosevelt Avenue, Corona, NY 11368 as needed.

17.    From the beginning of his employment until in or about June 2017, Plaintiff FREDDY PACHAY-RODRIGUEZ was paid at a base rate of $12.00 per hour and an overtime rate of $18.00 per hour. From in or about July 2017 until the end of his employment with Defendants, Plaintiff was paid at base rate of $13.00 per hour and an overtime rate of $19.50 per hour.

18.    During the first four (4) weeks of his employment with Defendants, Plaintiff FREDDY PACHAY-RODRIGUEZ regularly worked nineteen (19) hours shifts, from 5:00 a.m. to 12:00 a.m., for five (5) days per week, from Monday to Friday. However, Plaintiff was only paid for approximately fifty (50) hours of work per week.

19.    As a result of such time-shaving during the first four (4) weeks of his employment with Defendants, Plaintiff FREDDY PACHAY-RODRIGUEZ was paid less than federal and state minimum wage for hours worked. In additon, Plaintiff was not paid the full amount of overtime wage to which he was entitled. Moreover, Plaintiff was not paid any spread of hours premium during this time for each workday exceeding ten (10) hours per week.

5

20.     From in or about August 2015 until the end of his employment with Defendants, Plaintiff FREDDY PACHAY-RODRIGUEZ had a work schedule of eight (8) hours shifts, from 4:00 p.m. to 12:00 a.m., for five (5) days per week, from Monday to Friday, for a total of forty (40) hours per week. However, Plaintiff's actual hours worked regularly far exceeded forty (40) hour per week because he was regularly required to work past his scheduled shift until 1:00 a.m., and often required to work additional hours and double shifts, ranging from a total of forty-eight (48) to sixty-five (65) hours per week.

21.     Throughout his employment with Defendants, Plaintiff FREDDY PACHAY-RODRIGUEZ suffered from Defendants' policy that improperly rounded the employees' weekly hours worked down to the nearest whole hour, and then paid wages only for those rounded hours instead of actual hours worked. For example, when Plaintiff worked fifty-five (55) hours and forty (40) minutes on a particular workweek, Defendants impermissibly rounded Plaintiff's hours down to fifty-five (55) hours. This rounding policy resulted, over a period of time, in a systematic failure to compensate Plaintiff and other employees the proper wages for all hours worked. *See Gordon v. Kaleida Health*, 299 F.R.D. 380, 405 (W.D.N.Y. 2014); *Canelas v. World Pizza Inc.*, No. 14 Civ. 7748, 2017 U.S. Dist. LEXIS 50615, *24-27 (S.D.N.Y. Mar. 31, 2017).

22.     Throughout his employment with Defendants, Plaintiff FREDDY PACHAY-RODRIGUEZ received wage statements with his weekly paycheck. However, the wage statements were improper because they failed to reflect actual hours worked by Plaintiff. Due to Defendants' rounding policy, the work hours reflected on Plaintiff's wage statements were less than the number he had actually worked per week, and were in exact numbers, like 48.00 or 55.00.

23. Throughout his employment with Defendants, Plaintiff FREDDY PACHAY-RODRIGUEZ did not receive any wage and hour hour notice as required under the New York Labor Law.

***Plaintiff RAMON RODRIGUEZ***

24. From on or about May 14, 2016 until on or about September 28, 2017, Plaintiff RAMON RODRIGUEZ was employed by Defendants to work as a driver for "Best Western Plus LaGuardia Airport" located at 112-26 Roosevelt Avenue, Corona, NY 11368.

25. Throughout his employment with Defendants, Plaintiff RAMON RODRIGUEZ was paid at a base rate of $12.50 per hour.

26. Throughout his employment with Defendants, Plaintiff RAMON RODRIGUEZ had a regular work schedule of nineteen (19) hours shifts, from 5:00 a.m. to 12:00 a.m., for two (2) days per week, Saturdays and Sundays, for a total of thirty-eight (38) hours per week. However, Plaintiff's actual hours worked regularly exceeded his scheduled hours because he was regularly required to work past his scheduled shift until 12:30 a.m. or 1:00 a.m.

27. From the beginning of his employment with Defendants until in or about June 2017, Plaintiff RAMON RODRIGUEZ was only paid for his scheduled thirty-eight (38) hours per week, and not paid wages for any hours that he worked past his scheduled shifts. During this time period, Defendants did not utilize a punch clock and failed to track Plaintiff's actual hours worked.

28. Even after Defendants started tracking his hours worked in or about July 2017 until the end of his employment with Defendants, Plaintiff RAMON RODRIGUEZ suffered from Defendants' policy that improperly rounded the employees' weekly hours worked down to the nearest whole hour, and then paid wages only for those rounded hours instead of actual hours

worked. This rounding policy resulted, over a period of time, in a systematic failure to compensate Plaintiff and other employees the proper wages for all hours worked. *See Gordon*, 299 F.R.D. at 405; *Canelas*, 2017 U.S. Dist. LEXIS 50615, *24-27.

29.     Throughout his employment with Defendants, Plaintiff RAMON RODRIGUEZ received wage statements with his weekly paycheck. However, the wage statements were improper because they failed to reflect actual hours worked by Plaintiff. Due to Defendants' rounding policy, the work hours reflected on Plaintiff's wage statements were less than the number he had actually worked per week, and were in exact numbers like 38.00.

30.     Throughout his employment with Defendants, Plaintiff RAMON RODRIGUEZ did not receive any wage and hour hour notice as required under the New York Labor Law.

### *Plaintiffs and FLSA Collective Plaintiffs*

31.     Plaintiffs and FLSA Collective Plaintiffs performed similar job duties, including transporting hotel guests to and from Best Western Plus LaGuardia Airport Hotel and helping guests park their cars in the hotel parking lots.

32.     Based on Plaintiffs' observations and conversations with other employees at Best Western Plus LaGuardia Airport Hotel, Plaintiffs and FLSA Collective Plaintiffs worked similar hours that regularly exceeded forty (40) hours per week.

33.     Based on Plaintiffs' observations and conversations with other drivers at Best Western Plus LaGuardia Airport Hotel, Plaintiffs and FLSA Collective Plaintiffs were subject to the same employment policies and wage and hour practices, and similarly suffered from Defendants' failure to pay proper wages due to time shaving and impermissible rounding of hours.

34.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and FLSA Collective Plaintiffs regular and overtime wages for all hours worked, in violation of the FLSA and NYLL.

35.     Defendants knowingly and willfully operated their business with a policy of not paying any spread of hours premium for workdays exceeding ten (10) hours, in violation of the NYLL.

36.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiffs, in violation of the NYLL.

37.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs, in violation of the NYLL.

38.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs and FLSA Collective Plaintiffs in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

39.     Plaintiffs reallege and reaver Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

40.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

41.   At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

42.   At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

43.   At all relevant times, Defendants willfully engaged in a policy and practice of failing to pay Plaintiffs and FLSA Collective Plaintiffs the proper minimum wage and overtime wage for all hours worked due to time shaving.

44.   Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

45.   Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs the full and proper minimum wage and overtime wage when Defendants knew or should have known such was due.

46.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

47.   Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and overtime wage, plus an equal amount as liquidated damages.

48.   Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if

10

necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

50. Plaintiffs reallege and reaver Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

51. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

52. At all relevant times, Defendants willfully violated Plaintiffs' rights by failing to pay them the proper minimum wage and overtime wage for all hours worked due to a policy of time shaving.

53. At all relevant times, Defendants willfully violated Plaintiffs' rights by failing to pay them the spread of hours premium for each workday that exceeded ten (10) hours.

54. Defendants failed to provide proper wage and hour notices to Plaintiffs, as required by New York Labor Law § 195.

55. Defendants failed to provide proper wage statements to Plaintiffs with every wage payment, as required by New York Labor Law § 195.

56. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid minimum wage and overtime wage due to time shaving, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

11

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid minimum wage due under the FLSA and NYLL;

d.  An award of unpaid overtime compensation due under the FLSA and NYLL;

e.  An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f.  An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation, pursuant to the FLSA;

g.  An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation and spread of hours premium, pursuant to the NYLL;

h.  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.  Designation of Plaintiffs as a Representatives of the FLSA Collective Plaintiffs; and

b.  Such other and further relief as this Court deems just and proper.

12

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated:   May 14, 2018                          Respectfully submitted,

By:   */s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

13